IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LACHANCY WATSON, ET AL.**                                                                    **PLAINTIFFS**

**VS.**                    **CASE NO. 5:12CV00023 JMM**

**ENDA BUTLER, ET AL**                                                                    **DEFENDANTS**

**ORDER**

Plaintiffs Earnest Smith and Kavianna Smith have filed a *pro se* civil rights action under 42 U.S.C. § 1983 without prepayment of the $350.00 filing fees and costs and Motions to Proceed *In Forma Pauperis.*[1]

There is a two-step process to be followed by the district court in considering whether a *pro se* should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he or she does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id.*[2]

---

[1] The Court granted Plaintiff Lachancy Watson's application to proceed *in forma pauperis* on January 19, 2012.

[2] In *Martin-Trigona,* the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[(e)(2)(B)] by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious." 691 F.2d at 857.

Because it appears that plaintiffs' economic situations qualifies them for *in forma pauperis* status, the Court hereby grants their application to so proceed (#6 and #7).

Plaintiffs are hereby given notice of Local Rule 5.5(c)(2) of the United States District Courts for the Eastern and Western Districts of Arkansas which states that *pro se* litigants are required to monitor the progress of their case, to prosecute or defend the action diligently, and to respond to any communication from the Court within thirty (30) days or their case could be dismissed without prejudice.

The Clerk of the Court is directed to file Plaintiffs' complaint. By separate Order the Court will determine whether Plaintiffs' complaint is frivolous on its face and should be dismissed or if the case should go forward with service of process.

IT IS SO ORDERED THIS   25   day of  January  , 2012.

James M. Moody
United States District Judge

---

The Court stated, however, that [t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915 [(e)(2)(B)]." *Id. See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n.2 (8th Cir. 1986)(the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous on its face and, if so, it should be dismissed).