**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


LACHANCY WATSON
EARNEST SMITH                                                                PLAINTIFFS
KAVIANNA SMITH


v.                                        5:12CV00023 JMM


EDNA BUTLER, SERGEANT
YAWANDA PITTS
BRENDA DAVIS JONES, CHIEF OF POLICE                          DEFENDANTS
KIM BRIDGFORTH, JUDGE
CARL REDUS, MAYOR


**<u>ORDER</u>**


        Plaintiffs, proceeding *pro se*, filed this action against the Defendants in their official

capacities, alleging Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1983.  Plaintiffs

filed motions to proceed *in forma pauperis* on January 17, 2012.  On January 25, 2012, the Court

allowed Plaintiffs to proceed to the extent that the Plaintiffs were allowed to file their complaint

without prepayment of the filing fee.

        Now a determination must be made under 28 U.S.C. § 1915(e)(2)(B) as to whether the

cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief.  *See Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982).   If so, the complaint is to

be dismissed in accordance with  § 1915(e)(2)(B).

        In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal reading. *Gerstner v. Sebig, LLC*, 386 Fed. Appx. 573, 575 (8th Cir. 2010). Moreover, the complaint cannot be dismissed unless the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *See Pratt v. Corrections Corp. of Am.*, 124 Fed. Appx. 465 (8th Cir. 2005).

Plaintiffs' allegations are that Lachancy Watson got into an argument with a coworker, Yawanda Pitts. After the argument, Lachancy Watson was discharged from her job and after Lachancy Watson threatened Pitts, the police were called. Although Lachancy Watson was not present when the police arrived, Edna Butler, a Sergeant with the Pine Bluff Police Department, called Lachancy Watson and asked her to meet with Butler at the station house. Lachancy Watson went to the station house and was questioned by Butler for four hours. During this time, Butler sent a Department of Human Services worker to Kavianna Smith's school, who then questioned Kavianna Smith. Lachancy Watson was then arrested and held without bond for three days. At Lachancy Watson's preliminary hearing, Kim Bridgforth, a State District Court Judge, set bond at $10,000,000.

Plaintiffs seek damages pursuant to § 1983 from events arising from Lachancy Watson's arrest and detainment. Plaintiffs' claims are that (1) Pitts caused Lachancy Watson to be terminated from her employment; (2) Lachancy Watson was denied access to the courts; (3) Lachancy Watson was held in jail without bond for three days without probable cause; (4) a violation of a prior consent decree; (5) Arkansas Code Annotated § 5-13-310 violates Plaintiffs' rights; (6) Brenda Davis Jones, the Chief of Police, and Mayor Carl Redus fail to make written rules and regulations for known problems; (7) Edna Butler interrogated Lachancy Watson for four hours, which Lachancy Watson believes was torture; (8) Butler's supervisors knew or

should have known of Butler's torturous practices; (9) Butler forced a confession in a four hour

interrogation; (10) the policies and procedures of the Pine Bluff Police Department are

inconsistent with the United States Constitution; (11) Butler sent a Department of Human

Services worker to Kavianna Smith's school without the consent of her parents and questioned

Kavianna Smith for forty-five minutes; (12) Pine Bluff Police Internal Affairs fails to give

citizens due process and equal protection of the law; (13) Lachancy Watson's life was

endangered because she was handcuffed while arguing with police; (14) Lachancy Watson's

bond was excessive; and (15) Earnest Smith was not allowed to represent his wife, Lachancy

Watson, during her questioning at the station house.  Plaintiffs seek fifteen million dollars in

damages.

 In determining whether a complaint fails to state a cause of action upon which relief can

be granted, the Court looks to the factual allegations proposed in the complaint, and they must be

enough to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007).  When no construction of the factual allegations will support the cause of

action, the Court may dismiss a complaint.  *Id*. at 569-70.  Plaintiffs have failed to state a claim

upon which relief can be granted.

 Because Pitts was not acting under color of state law, she is a private party for purposes

of a § 1983 cause of action and, as such, a § 1983 suit cannot properly be brought against her.

*See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (§ 1983

secures constitutional rights from infringement by governments, not private parties).  Therefore,

the claims against Pitts are dismissed.

 Plaintiffs sue Butler, Jones, Judge Bridgforth, and Mayor Redus in their official

capacities only.  Suits against a governmental actor in his or her official capacity are treated as suits against the governmental entity itself.  *Baker v. Chrisom*, 501 F.3d 920, 925 (8th Cir. 2007).  Here in the case of Defendants Butler, Jones, and Redus, the governmental entity is the City of Pine Bluff, a municipality.  Suit against Defendant Judge Bridgforth in her official capacity results in suit a against the State of Arkansas.

"[M]unicipalities may not be held liable under § 1983 'unless action pursuant to official municipal policy of some nature cause a constitutional tort.'"  *Stepnes v. Ritschel*, 663 F.3d 952, 963 (8th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  Here, Plaintiffs' vague and conclusory allegations based upon one incident fail to state a policy or custom that violated their constitutional rights.  The claims against Butler, Jones and Mayor Redus are dismissed.

Moreover, any claims against Judge Bridgforth would be dismissed based upon her judicial immunity.  *See Maness v. Dist. Court of Logan County-N. Div.*, 495 F.3d 943 (8th Cir. 2007) (judges are immune from § 1983 suit unless actions were nonjudicial in nature or taken in complete absence of all jurisdiction).  Because setting bond is a function normally performed by a judge, Judge Bridgforth was acting within her judicial capacity and is immune from suit.[1]

---

[1]Because Plaintiffs seek only money damages, Judge Bridgforth would also be immune from suit based upon the sovereign immunity of the State of Arkansas.  *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

IT IS THEREFORE ORDERED that the complaint is dismissed with prejudice and the

Clerk is directed to close the case.  Judgement will be entered accordingly.

DATED this _1 day of March 2012.


_____
James M. Moody
United States District Judge